

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-13-2004

# Boyd v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4089

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Boyd v. Comm Social Security" (2004). *2004 Decisions*. Paper 709.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/709

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-4089
_____

SHARON BOYD,
*Appellant*
v.

JO ANNE BARNHART,
COMMISSIONER OF SOCIAL SECURITY

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 02-cv-01177)
District Judge: Honorable Michael M. Baylson
_____

Submitted Under Third Circuit LAR 34.1(a)
May 4, 2004
Before: SLOVITER, FUENTES and BECKER, *Circuit Judges*

(Filed: May 13, 2004)
_____

OPINION
_____

BECKER, *Circuit Judge.*

Sharon Boyd appeals from an order of the District Court granting the motion for

summary judgment by the Commissioner and denying the cross-motion filed by Boyd.

Because the parties are fully familiar with the background facts and procedural history we

need not set them forth, and limit our discussion to our *ratio decidendi*.  This appeal is grounded primarily on Boyd's contentions that she was essentially forced to go through with the hearing before the Administrative Law Judge ("ALJ") without counsel, and that the ALJ then did not adequately develop the record.  The other issue is whether substantial evidence supports the Commissioner's determination that Boyd could perform, at a minimum, sedentary work.  We will affirm.

I.

We reject Boyd's claim that she was compelled to proceed without representation,[1] notwithstanding her lament that she agreed to proceed with the hearing because she could not then afford a lawyer.  On the form for requesting an administrative hearing, the Social Security Administration ("SSA") advised Boyd of her right to representation.  Moreover, prior to the hearing, the Agency sent Boyd two additional notices advising her of her right to be represented at the administrative hearing.  One notice included a publication entitled *Your Right to Representation*, which is available at http://www.ssa.gov/pubs/10075.pdf (Feb. 2002) and which: (1) notes that SSA can provide a list of available representatives; (2) explained what a representative could do; (3) explained what a representative could charge; (4) explained what fee a claimant would have to pay; and (5) provided a telephone number to call if claimant had any questions about the right to representation. The ALJ also gave instructions to Boyd about the availability of counsel, offering to

---

[1]Actually Boyd was represented by counsel for a time during the administrative proceedings, but counsel withdrew before the hearing.

continue the hearing for her to secure a representative or another attorney. Yet, as Magistrate Judge Angell noted, there is no suggestion that Ms. Boyd was not qualified to make the decision: She is literate, has held several jobs including a short-time position as service supervisor where she "supervised other people" and "used technical knowledge or skills." She also received special training in hospitality and housekeeping.

In total, Boyd received notification of her right to representation throughout the administrative proceedings on six separate occasions, including a listing of available representation. And her prior counsel, *see supra* note 1, was affiliated with one such group, Community Legal Services. We have held that where a claimant has been notified of her right to representation and has knowingly waived that right, lack of representation is not sufficient, in itself, to justify a remand. *Livingston v. Califano*, 614 F.2d 342, 345 (3d Cir. 1980). On the basis of the facts described above, we are satisfied that Boyd had full knowledge of her right to representation and did not pursue it; hence she waived the right.

## II.

We also reject Boyd's contention that even if she knowingly waived her right to counsel, she was prejudiced because the ALJ did not fully develop the record, requiring a remand. The ALJ here adequately developed the record, which included numerous medical reports from specialists, state agency physicians, and a vocational expert. In addition, the ALJ questioned Boyd about her alleged subjective complaints and

symptoms.

There is no evidence of prejudice from failure to develop the record. Boyd argues that the record needed further development due to her alleged anxiety, but there is no significant evidence of a real anxiety problem. Moreover, no specialist noted that Boyd had a mental impairment, and the state agency psychologist found no evidence of a mental impairment. In short, there was not enough evidence of a mental impairment to compel the ALJ to obtain a consultative psychological examination.[2]

### III.

Finally, we are satisfied that substantial evidence supports the ALJ's decision that, despite her impairments, Boyd could perform sedentary work in the local and national economy. This finding is supported by Dr. Leon Cander's findings after physical examination and the Residual Functional Capacity Assessment.[3] More specifically, both the physical examination (objective signs) and the history support this finding. Moreover, the vocational expert, based on the medical picture, opined that a person of Boyd's age, education, vocational profile, and residual functional capacity could perform approximately two hundred job titles, such as: (1) a label cutter; (2) cutter/poster; (3)

---

[2]We also note that in the more than two years since the ALJ decided this case, Boyd has not submitted any additional medical records, which further suggests that the record was adequately developed and that she was not prejudiced.

[3]We have also examined the medical reports of Michael Jay Korman, M.D., Matthew V. Gillane, P.T., Gerald E. Dworkin, D.O., Philip S. Kim, M.D., and Richard B. Kanoff, D.O. None of them is at odds with Dr. Cander's evaluation, including those of Dr. Korman, the pulmonary specialist.

bander; and (4) an order clerk. The vocational expert further testified that all of these jobs existed in significant numbers in the local and national economy.

Boyd's approach to this facet of the case is somewhat oblique. She argues that:

> As stated by this Court Appellee's aforesaid burden to rebut Appellant's *prima facie* case is a significant one:
>
> "The cases demonstrate that, consistent with the legislative purpose, courts have mandated that leniency be shown in establishing the claimant's disability, **and that the Secretary's responsibility to rebut it be strictly construed.**" *Dobrowolsky v. Califano*, 606 F.2d at 406-407. (Emphasis added).
>
> Pursuant to our above arguments, where Appellee has failed to seek evidence from even those treating sources long identified by the unrepresented indigent claimant, and has otherwise failed to develop issues brought directly to her attention, it is clear that Appellee cannot satisfy her "strict burden" to rebut Appellant's *prima facie* case.

We have concluded, however, that the proceedings were not flawed by the absence of representation, that the record was adequately developed, and that there was substantial evidence supporting the ALJ's finding.

The order of the District Court will be affirmed.